# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DUSTIN LEE MENKE, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. C15-3113-CJW <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff, Dustin Lee Menke (claimant), seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Social Security disability insurance benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. (Act). Claimant contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that he was not disabled during the relevant period. For the reasons that follow, the Commissioner's decision is affirmed.

## I. BACKGROUND

Claimant was born in 1977, completed high school, and did not attend special education. He has previously worked as a retail store manager, bartender, waiter, sales representative, and laborer. AR 108-110. The Administrative Law Judge (ALJ) determined that he was not capable of performing this past work (AR 109), but that there was other work which the claimant could perform, such as light unskilled work as a labeler or marker, assembler general production, and coin machine collector. AR 109-111, 159.

Claimant filed his application for DIB on February 22, 2012, alleging a disability onset date of July 19, 2011. AR 253-54. He contends that he is disabled due to bipolar disorder, major depression, status post shoulder surgery, and hip/back pain. AR 86 et al. Claimant's claims were denied initially and on reconsideration. He then requested a hearing before an ALJ. ALJ Thomas M. Donahue conducted a video hearing on October 1, 2013 (the Hearing), and issued a decision denying claimant's claim on December 19, 2013. AR 98-112.

Claimant sought review by the Appeals Council, which denied review on March 12, 2015 (AR 1), leaving the ALJ's decision as the final decision of the Commissioner. On May 5, 2015, claimant filed a complaint (Doc. 4) in this court seeking review of the Commissioner's decision. On November 13, 2015, with the consent of the parties (Doc. 16), the Honorable Mark W. Bennett transferred this case to a United States Magistrate Judge for final disposition and entry of judgment. The parties have now briefed the issues, and the matter is fully submitted.

## II. DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Kirby v. Astrue*, 500 F.3d 705,

707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see also* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S. Ct. 2287, 2291 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) to determine the claimant's "ability to meet the physical, mental, sensory and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *Id*. If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC, as determined in Step Four, will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his or her age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n.5 (8th Cir. 2000). The Commissioner must show not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner

4

will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

### III. ALJ'S FINDINGS

The ALJ made the following findings:

    1. The claimant last met the insured status requirements of the Social Security Act through June 30, 2014.

    2. The claimant has not engaged in substantial gainful activity since July 19, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).

    3. The claimant has the following severe impairments: Status Post Shoulder Surgery, Bipolar Disorder, History of Substance/Alcohol use/abuse. (20 C.F.R. § 404.15210(c)).

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

    5. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except that the claimant can stand/walk or sit for two hours at a time (for six hours total in an 8-hour day) and can walk three blocks. The claimant is limited to a job with a Specific Vocational Preparation (SVP) of 5, no contact with the general public, and limited contact with co-workers.

    6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

    7. The claimant was born on November 10, 1977, and was 33 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564.)

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability within the meaning of the Social Security Act at any time from July 19, 2011, through the date of this decision (20 C.F.R. § 404.1520(g)).

AR 98-112.

## IV. *THE SUBSTANTIAL EVIDENCE STANDARD*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the

evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

# V. DISCUSSION

Claimant argues the ALJ's decision is flawed for two reasons:

1. The ALJ's RFC Assessment Is Not Supported By Substantial Evidence.

2. The ALJ Failed to Fully Develop the Record.

The court will address these two arguments separately below.

## A. *RFC Determination - Applicable Standards*

The claimant's RFC is "what [the claimant] can still do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a)(1). "The ALJ must determine a claimant's RFC based on all of the relevant evidence." *Fredrickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004). This includes "an individual's own description of [her] limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The claimant's RFC "is a medical question," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001), and must be supported by "some medical evidence." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). The medical evidence should address the claimant's "ability to function in the workplace." *Lewis*, 353 F.3d at 646. At Step Four, the claimant has the burden to prove his RFC and the ALJ determines the RFC based on all relevant evidence. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004).

The ALJ is not required to mechanically list and reject every possible limitation. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Furthermore, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "[T]he ALJ may reject the conclusions of any medical expert, whether hired by a claimant or by the government, if inconsistent with the medical record as a whole." *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). The RFC must only include those impairments which are substantially supported by the record as a whole.

8

*Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004).

### 1. Substantial Evidence Supports the ALJ's Findings
#### a. The ALJ Properly Considered Plaintiff's Mental Limitations

The ALJ found that plaintiff retained the ability to perform jobs with an SVP of 5 involving no contact with the general public and limited contact with co-workers. AR 104. Plaintiff contends the ALJ improperly weighed opinions from his therapists, Lisa Bailey and Sarah Morrison; did not properly consider his GAF scores; and did not discuss records from Rogerio Ramos, M.D. The record shows that the ALJ properly examined and discussed the medical evidence, including the opinions from Ms. Bailey and Ms. Morrison and the GAF scores.

Plaintiff contends he has received mental health treatment for many years, dating back to childhood. AR 402, 407. He points out his diagnosis of bipolar disorder and his consistent GAF scores of 50. Plaintiff fails to address that he has been able to work in the past. AR 280. Plaintiff also fails to address that he reported his inability to keep work started after he pled guilty to a charge of indecent exposure, which made him a registered sex offender. AR 419. A claimant is not disabled if his residual functional capacity permits him to perform work, but he remains unemployed because of his inability to get work or the hiring practices of employers. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(c).

Some evidence does show that plaintiff had limitations in social functioning. The ALJ accommodated those limitations by restricting plaintiff to work involving no contact with the general public and limited contact with co-workers. AR 104. The ALJ adopted opinions from state agency psychological consultants Aaron Quinn, Ph.D., and Beverly Westra, Ph.D. AR 108-109, 176-178, 189-191. The ALJ may consider state agency physicians' opinions and may rely upon them in making his findings. *See* 20 C.F.R.

§ 404.1527(e)(2)(i); *see also Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007) (holding that it is well settled that an ALJ may consider the opinion of an independent medical advisor as one factor in determining the nature and severity of a claimant's impairment).

The ALJ also considered the opinions from Ms. Bailey and Ms. Morrison. AR 108. The ALJ noted that neither Ms. Bailey nor Ms. Morrison was an acceptable medical source capable of providing a medical opinion. AR 108. 20 C.F.R. § 404.1513. Statements from "other sources" are not entitled to the same weight given to "acceptable medical sources." *See* 20 C.F.R. § 404.1513 (d)(1); SSR 06-03p. The ALJ, nevertheless, determined their opinions were entitled to some weight. AR 108. Ms. Bailey's and Ms. Morrison's opinions indicated plaintiff was not precluded from performing work tasks in any of the assessed areas of functioning. The ALJ agreed and provided sufficient restrictions to accommodate plaintiff's social work restrictions.

The ALJ did not discuss records from Dr. Ramos. Those records were dated prior to plaintiff's alleged disability onset date and before plaintiff ceased working. Dr. Ramos' records were merely cumulative of other reports in the records, which the ALJ concluded did not support a finding of disability.

The ALJ properly considered the evidence relating to plaintiff's mental limitations. The ALJ relied upon inconsistencies between the medical evidence and plaintiff's subjective complaints to find plaintiff's complaints not fully credible. To the extent evidence in the record supported limitations, the ALJ included mental limitations in the residual functional capacity that accommodated plaintiff's difficulties in social functioning. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) (approving the ALJ's independent review of the medical evidence).

### 2. *The ALJ Properly Considered Plaintiff's Physical Limitations*

The ALJ considered the evidence related to plaintiff's physical impairments. He concluded that plaintiff retained the ability to perform a range of light exertional work.

AR 103-104. The ALJ discussed plaintiff's history of shoulder surgery in 2004. AR 106, 483-504. The ALJ noted there were no recent treatment records for physical concerns to support plaintiff's complaints of present shoulder and hip symptoms. AR 106. The ALJ gave weight to opinions from state agency medical consultants Laura Griffith, D.O., and Jan Hunter, D.O., noting the opinions supported a conclusion plaintiff did not have disabling physical impairments. AR 108-109, 173-174, 186-187. A medical consultant's opinion is an expert opinion from a highly qualified source that the ALJ must consider. *See* 20 C.F.R. § 404.1527(f)(2); *see also* SSR 96-6p, 1996 WL 374180 (July 2, 1996). When assessments of state agency medical consultants are consistent with other medical evidence in the record, as is the case here, they can provide substantial evidence supporting the ALJ's residual functional capacity assessment. *See Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004).

This Court will not consider the new evidence plaintiff submitted to the Appeals Council. The Appeals Council concluded the records did not relate to the period on or before the ALJ's decision. AR 2. A claimant may submit new evidence to the Appeals Council with his request for review. 20 C.F.R. § 404.970(b). The regulations provide:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.

*Id*. Thus, before the Appeals Council will admit submitted evidence into the record, it must be (1) new, (2) material, and (3) relate to the period on or before the date of the ALJ's decision. *Id.*, *see Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012) (citing *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)).

The nature of the court's review of the evidence a claimant submits to the Appeals Council depends upon whether the Appeals Council admitted the evidence into the record. Where the Appeals Council does not admit the submitted evidence into the record because

11

it is not new, material, or relate to the period on or before the ALJ's decision, the Eighth Circuit Court of Appeals has concluded the court may only review the Appeals Council's conclusion not to admit the evidence. *See Box v. Shalala*, 52 F.3d 168, 171 72 (8th Cir. 1995). The court concludes that the Appeals Council did not err in not considering the new evidence.

### B. *The ALJ Properly Developed the Record*

The ALJ properly developed the record and had sufficient evidence to make an informed disability decision. Plaintiff asserts the ALJ should have scheduled a consultative examination to evaluate his physical impairments. Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995). The ALJ permitted plaintiff, through his chosen attorney representative, to present his best case for disability at the hearing. *See Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991) (noting that claimant bore burden of proving disabilities and was responsible for presenting strongest case possible). Neither plaintiff nor his representative indicated at the hearing or in the post-hearing brief that a physical consultative examination was necessary. AR 371-372. The only development plaintiff's representative requested is that the ALJ permit him ten days to obtain a medical source statement from plaintiff's therapist. AR 131-132. The ALJ granted plaintiff's request. AR 132. An ALJ is not required to act as a claimant's lawyer in a case, as the ALJ is neither an advocate nor an adversary. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994); *see also Richardson v. Perales*, 402 U.S. 389, 403 (1971) (noting that the agency operates as an adjudicator, not an advocate or adversary).

The ALJ noted that although plaintiff received treatment for mental impairments, he had not sought recent treatment for physical impairments, which suggested the physical impairments were not as severe as alleged. AR 106. To the extent plaintiff submitted new evidence to the Appeals Council that was dated after the ALJ's decision, the new

evidence is properly considered as a part of his new application for benefits. The record was adequately developed to permit the ALJ to make an informed disability decision. No further development was needed. *See Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013); *see also Naber v. Shalala*, 22 F.2d 186, 189 (8th Cir. 1994) ("'[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision.'").

## VI. CONCLUSION

For the reasons set forth herein, and without minimizing the seriousness of plaintiff's impairments, I find that the Commissioner's determination that claimant was not disabled is **affirmed**. Judgment shall be entered against plaintiff and in favor of the Commissioner.

**IT IS SO ORDERED** this 17th day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa